### Jacksonville & St. Louis Railway Company v. J. W. Stewart.

1. VERDICT—*when set aside as against the weight of the evidence.* A verdict will be set aside where it is manifestly against the weight of the evidence. In this opinion it appears that the appellee's case rested wholly upon his own testimony and he was contradicted by the testimony of six witnesses.

Action on the case for personal injuries. Appeal from the City Court of Litchfield; the Hon. Paul McWilliams, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

Joseph A. Connell, for appellant; Chester M. Dawes, of counsel.

Amos Oller and Lane & Cooper, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $500, for personal injuries sustained by its alleged negligence. The only ground here urged for a reversal of the judgment is that "the verdict and judgment of the court below are contrary to the evidence and the weight thereof."

On May 11, 1903, appellee and twenty other section hands in the employ of appellant were returning to Litchfield on two hand cars, after their day's work. Eleven men were riding on the large car in front and ten men, including appellee, were riding on the smaller car in the rear. While the small car was running at a speed of 6 to 9 miles an hour, and at a distance of 10 to 15 feet from the large car,

it was derailed, and the men riding thereon were thereby thrown to the ground and appellee was injured. It is contended by appellee that the derailment was caused solely by a bent axle and a loose and wabbly wheel on the small car, while appellant contends that the car was derailed by reason of one of the men accidentally falling therefrom in front of the car and the car running over him.

Upon the questions as to whether the axle of the car was bent, and whether the wheel was loose and wabbly, the finding of the jury must be held to be conclusive upon this court. Several witnesses testified that those conditions existed, and the jury having personally inspected the car it will be presumed that such inspection disclosed evidence corroborative of the testimony of such witnesses. There is also evidence tending to show that the defects in the wheel had existed for several days before the accident and that they had been called to the attention of appellant's foreman.

Appellee testified that he felt the car climbing the rail and it threw him off; that he and Burge (by whose accidental falling it is claimed by appellant the car was derailed) went off about the same time; that the car climbed the rail before Burge fell off. Burge testified that he was pumping the car when it was derailed; that he felt a jar and his hold on the handle slipped, and he then fell off. His cross-examination, however, very perceptibly weakened the force of his testimony favorable to appellee's contention.

Samuel Thompson, a witness for appellee, testified that he noticed no difference in the way the car was riding the rail at the time Burge fell off; that he did not feel any jar before Burge fell off. William Meachin, also a witness for appellee, testified that Burge first fell off the car, and the car ran over him, and about that time the car left the track; that as the car ran over Burge it appeared to raise up a little on the side he (witness) was standing on; that he felt no shock before the car ran over Burge. William Crook, another witness for appellee, testified that he did not know what threw the car off the track; that the car was rid-

ing on the rails all right up to the time Burge fell off; that he felt no jar before that.

William Foams, Robert McClusky and John Price, witnesses called on behalf of appellant, all testified in substance that nothing happened to the car until Burge fell off; that up to that time the car was running along all right upon the rails; that they did not feel any jar or shock before Burge fell off. Burge testified that the wheel of the car passed over his foot and made a mark on his shoe. There is evidence strongly tending to show that the men on the rear car were exerting every effort to keep as close as possible to the front car, which was larger, geared higher and much faster than the rear car, and that when the rear car came within reaching distance of the front car, the men on both cars, in a spirit of fun and banter, attempted to take hold of each other. It is quite evident that Burge and others on the rear car, who were doing the "pumping," were directing their efforts more particularly to running the car at its utmost speed, and as close as possible to the front car, and in so doing were exercising little, if any, caution for their own safety.

There have been three trials of this case, the first and second resulting in a disagreement of the jury. A careful examination of the testimony as it appears in the record, compels us to the conclusion that the contention of appellant that Burge fell from the car before it was derailed, and that it was derailed in consequence of his so falling in front of the car, and not by reason of any defect in the axle or wheel of the car, is supported by the greater weight of the evidence.

Appellee's case rests almost entirely on his own testimony, while the contention of appellant as to the cause of the accident is supported by the testimony of six witnesses, fellow laborers of appellee, five of whom were not in the employment of appellant at the time of the trial.

Because the verdict is against the manifest weight of the evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*